UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Mansoori,<br><br>    *Plaintiff*,<br><br>v.<br><br>Dr. Montgomery,<br><br>    *Defendant*. | No. 22 CV 2470<br><br>Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

    Christopher Mansoori sued Cook County Jail dentist Dr. Melanie Watson-Montgomery alleging Dr. Montgomery failed to provide adequate dental treatment in violation of 42 U.S.C. § 1983. Because Mansoori was incarcerated when he filed suit[1], he needed to comply with the Prison Litigation Reform Act ("PLRA"), which demands prisoners exhaust their administrative remedies prior to suing in federal court. 42 U.S.C. § 1997e(a). Dr. Montgomery has moved for summary judgment arguing Mansoori failed to abide by this requirement. The Court agrees and grants the motion.

**BACKGROUND**

    "On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the Court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3). Any party who fails to comply with Local Rule 56.1 does so at their own peril. *Wilson v. Kautex, Inc.*, 371 F. App'x. 663, 664 (7th Cir. 2010).

    Here, Dr. Montgomery filed a Rule 56.1 statement, [Dkt. 73], to which Mansoori responded. [Dkt. 91.] Mansoori also filed a statement of additional facts,

---

[1] Mansoori was serving a criminal sentence at the time he filed his initial claims against Dr. Montgomery, but was a pretrial detainee when he filed the operative pleading.

1

[Dkt. 92], but Dr. Montgomery failed to respond.[2] Accordingly, the Court deems all of Mansoori's additional facts admitted.

Mansoori was in custody at the Cook County Department of Corrections ("CCDOC") between June 30, 2015, and February 15, 2018. [Dkt. 91 ¶ 2.] The CCDOC maintains an Inmate Grievance Procedure ("IGP"), which informs inmates about what types of incidents require a grievance, that the inmate must explain what occurred in the grievance, and the timeline for filing and appealing grievances. More specifically, the IGP instructs inmates that they must file their grievances within 15 days of an incident, and then appeal any adverse ruling within 14 days. [*Id.* ¶¶ 15-16, 18.]

Mansoori filed two potentially relevant grievances related to Dr. Montgomery. The first grievance came on August 29, 2016, where Mansoori complained as follows:

> Since before I was incarcerated I was scheduled to have my wisdom teeth removed due to how they were positioned. They are wedged against my back molars causing decay on the next closest tooth to them. The dentist had told me it was an emergency to remove them so that they could save the teeth, and prevent a needed root canal or loss. In the [first] days of being incarcerated I told the dental office and they said it would take 4-12 months to have it done. It has been 14 months.

[Dkt. 73-6 at 87.] As for his requested relief, Mansoori wanted his "bottom wisdom teeth be removed ASAP by an oral surgeon who can handle a delicate situation." [*Id.*] Although CCDOC marked this as a "non-grievance", it substantively responded by informing Mansoori he was scheduled for a dental appointment in October. [*Id.* at 87-88.] Mansoori did not appeal.

Mansoori did indeed meet with a dentist (later identified as Dr. Montgomery) that month, which is the subject of his second grievance, dated October 30, 2016:

> I wrote a grievance previously for my wisdom tooth that is in need of removal to take care of the tooth next to it which has decay. The response was an appointment was made for October 2016. I saw the dentist because of the cavity, but was told a pointless temporary toothjob would be done since my wisdom tooth needs to be removed prior to any filling done properly could occur. I've yet to hear back on my wisdom tooth

---

[2] Dr. Montgomery likewise failed to file a reply brief, based on her misapprehension that Mansoori's response brief, [Dkt. 90], was untimely. [*See* Dkt. 88.] The prison mailbox rule applies to Mansoori, which means his filings are considered received by the Court on the date he mailed them from the Cook County Jail. *Censke v. United States*, 947 F.3d 488, 490 (7th Cir. 2020). Mansoori timely mailed his filings on May 7, 2024. [Dkt. 82; Dkt. 90 at 5.]

2

> removal, and it is wedged in blocking access to the tooth that needs work. A proper response medically to my needs has not transpired.

[*Id.* at 24.] The CCDOC responded to this grievance informing Mansoori that he was scheduled to meet with an oral surgeon in December 2016.[3] [*Id.* at 25.] Mansoori did not appeal this grievance, nor did he file any other grievances related to dental care through the end of his incarceration. [Dkt. 91 ¶¶ 26-28.]

Mansoori first sued Dr. Montgomery in December 2017. As the Court explained more fulsomely in a prior order[4], although Mansoori initially alleged Dr. Montgomery's misconduct spanned the entire period of his incarceration, the operative complaint filed in July 2022 alleges Dr. Montgomery failed to provide him with adequate dental care "from June 30, 2017, until Plaintiff's release from jail." [Dkt. 5 at 2.][5] More specifically, Mansoori alleged that during this timeframe, Dr. Montgomery "provided dental care in violation of the standard of dental care, as set forth by the dental pro[f]ession, in that [s]he failed to provide proper dental care, including teeth cleaning and dental floss, causing Plaintiff's teeth to decay, causing Plaintiff to suffer continuing pain and causing him injury." [*Id.*]

The parties conducted discovery and Dr. Montgomery now moves for summary judgment on the issue of exhaustion. She argues Mansoori failed to file any grievances regarding dental care that could possibly match the allegations in his complaint, and that even if the Court considers the August and October 2016 grievances, Mansoori still failed to exhaust his claims. [Dkt. 74.]

## ANALYSIS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light

---

[3] Mansoori apparently had his wisdom teeth removed during this visit. [*See* Dkt. 92 ¶ 10.]

[4] After the parties completed summary judgment briefing, Mansoori moved to amend the complaint or file an amended complaint to broaden the timeframe of Dr. Montgomery's alleged wrongdoing from 2017 to 2015 (i.e., the timeframe Mansoori initially pled). The Court denied that motion, in part because Dr. Montgomery would have been unduly prejudiced by allowing the amendment at this late stage, and in part because Mansoori delayed in seeking leave to amend. [Dkt. 101.]

[5] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

The PLRA requires inmates to exhaust their administrative remedies before initiating a federal civil rights lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022) ("a suit filed before the prisoner has exhausted these remedies must be dismissed") (cleaned up). Accordingly, if a correctional facility has an internal administrative grievance system through which an inmate can seek to correct a problem, the inmate must utilize that system before filing a claim in federal court. *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (administrative exhaustion is required to "give the prison an opportunity to address the problem before burdensome litigation is filed.") The burden of proof is on the defendant to demonstrate the prisoner failed to exhaust his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

The primary purpose of the grievance system is to put prison officials on notice of an issue so that it can potentially be resolved prior to a lawsuit. *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (the exhaustion requirement of the PLRA "affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case"); *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *see also Rodriguez v. Judkins*, 2020 WL 6273480, at *5 (N.D. Ill. Oct. 26, 2020) ("When a prisoner does not name the parties involved or describe the conduct about which he is complaining, this prevents the prison from addressing complaints prior to suit, which is one of the benefits of exhaustion.")

Applying these principles to this case, Mansoori failed to exhaust his administrative remedies. The operative pleading alleges Dr. Montgomery's wrongdoing did not begin until June 2017, but Mansoori did not file any grievance related to dental treatment after October 2016.[6] [Dkt. 5 at 2.] Moreover, the complaint does not allege any problems with wisdom teeth, cavities, or root canals, but rather the lack of floss and cleaning which lead to tooth decay. [*Id.*] For both reasons, it cannot seriously be disputed Mansoori failed to exhaust; CCDOC had no opportunity to address Mansoori's complaints about Dr. Montgomery's purported

---

[6] The Court appreciates Mansoori's position that he initially pled Dr. Montgomery's misconduct began in 2015, but the Court has already rejected this argument, and Mansoori is bound by his attorney's filing. *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citing *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986) ("a litigant is bound by his lawyer's acts… If the lawyer's neglect protected the client from ill consequences, neglect would become all too common")); [Dkt. 101]; [*see also* Dkt. 73-2 at 13 (Mansoori admitting in his deposition that he gave his attorney permission to file the operative pleading and that he stands by its allegations).]

failure to provide dental care. *See e.g., Bowers v. Dart*, 1 F.4th 513, 517-18 (7th Cir. 2021) (the content of the grievance must match the content of the complaint); *Mayo v. Snyder*, 166 Fed. Appx 845, 848 (7th Cir. 2006) (a plaintiff cannot exhaust administrative remedies for conduct that occurred after he filed the grievance); *Watford v. Newbold*, 2022 WL 485222, at *3 (7th Cir. Feb. 17, 2022) ("Watford's grievance complained about dental staff concealing what he believed to be a cavity between April 2014 and May 2016—a timeline that predates Kaja's treatment of him"); *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011) ("[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). Like these cases, the conduct Mansoori complains of occurred long after he filed any grievances.

For completeness's sake, even if the Court used June 2015 as the starting point for allegations against Dr. Montgomery—the sole relief requested in Mansoori's motion for leave to amend [*see* Dkt. 95]—the Court would still grant summary judgment for failure to exhaust. As discussed, the allegations in Mansoori's complaint refer to routine dental equipment and dental procedures, including the failure to provide dental floss and teeth cleaning services. Mansoori presented none of these allegations to the jail through the grievance process. *Bowers*, 1 F.4th 513, at 518; [*Compare* Dkt. 73-6 at 87; *with* Dkt. 5 at 2.]. Put differently, his allegations are insufficiently related to the matters raised by the grievances, which requested that his "bottom wisdom teeth be removed ASAP by an oral surgeon," a complex dental matter that is entirely different from the dental care concerns raised in the Complaint. *See Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) ("though Jackson complained that he was denied medical attention in three grievances" "each dealt with a denial of medical attention for his dehydration, not for asthma or other conditions that would require nasal spray or an inhaler. A claim that he was denied these items depends on different facts than does a claim that he was denied water and thus required a distinct grievance."); *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020) ("Schillinger's grievance raised two entirely different problems: no guards were nearby when the attack occurred, and the responding guards took too long to come to his aid. This did not give the prison notice of the claim at issue here, which concerns events preceding the attack and conduct by officers who were not mentioned in the grievance."). This is a second and distinct reason why Mansoori has not exhausted his claim.

**CONCLUSION**

For these reasons, Dr. Montgomery's motion for summary judgment on exhaustion is granted.[7]

Enter: 22 CV 2470
Date: August 9, 2024

_____
Lindsay C. Jenkins
United States District Judge

---

[7] Dr. Montgomery's request to assess a "strike" pursuant to the PLRA is denied. A "strike" is assessed when a complaint is dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, but failing to exhaust is not one of those grounds. 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010) (granting of summary judgment for failure to exhaust under § 1997e(a) does not count as a "strike" under § 1915(g)).